## WILLIS VS. BREMNER.

*April 10 — September 23, 1884.*

*Partnership — Voluntary assignment — Preference of debt of indi-
vidual partner.*

1. An assignment by a firm for the benefit of its creditors, containing
   preferences of debts of individual partners, is void as against those
   creditors of the firm who elect to repudiate it. *Vernon v. Upson,
   ante,* p. 418.

2. An assignment by a firm preferred a debt of $1,000, "evidenced by
   two promissory notes of $500 each, signed and executed by H.
   K. A. [one of the partners], and indorsed by H. D. A. [not a
   member of the firm]." The notes had been entered on the books
   of the firm as "bills payable." Parol evidence tended to show
   that they were given for the purpose of procuring a loan for the
   firm, H. D. A. being an accommodation indorser. *Held,* that the
   debt was not one for which the firm was liable to the preferred
   creditor, and its preference therefore rendered the assignment
   void. [TAYLOR, J., is of the opinion that as between the partners
   the debt was a firm debt, which equitably and morally the firm
   ought to pay, and that the preference was therefore not fraudu-
   lent.]

APPEAL from the Circuit Court for *Milwaukee* County.
The firm of Brearly & Adams, doing business as manu-
facturers in the city of Racine, becoming insolvent, made a
voluntary assignment of their partnership property (not
exempt from seizure on attachment or execution) to the
plaintiff, for the benefit of their creditors. Jonathan B.
Brearly and H. Kirke Adams were the partners composing
such firm. The assignment was executed November 9, 1882.
On the 14th of the same month several creditors of the
firm sued out writs of attachment on their respective claims,
and placed the same in the hands of the defendant, who
was then the sheriff of Racine county, for service. The de-
fendant, as such sheriff, seized the assigned property by vir-
tue of such writs. The plaintiff (the assignee) thereupon
brought this action against the sheriff, for the conversion of

the property so seized, to recover the value thereof. The defendant, by his answer, justified under the writs of attachment. He also set out the assignment in his answer, and alleged that the plaintiff's only interest in the property in controversy was derived therefrom, and that the same was executed by Brearly & Adams with intent to hinder, delay, and defraud their creditors.

The assignment prefers certain alleged debts by providing that they shall be first paid out of the proceeds of the assigned property. One of these preferences (the only one necessary to notice) is as follows: "The Manufacturers' National Bank of Racine, Wis., $1,000. The said $1,000 being evidenced by two promissory notes of $500 each, signed and executed by H. Kirke Adams, and indorsed by H. D. Adams, of Beloit, Wisconsin, dated respectively August 22, 1882, and August 22, 1882, and due respectively in ninety days and in four months from the date thereof; it being intended hereby to prefer said promissory notes due or owing said bank by said H. Kirke Adams, upon which said H. D. Adams is indorser, and none other."

The cause was tried, and at the close of the testimony the court held that the plaintiff was entitled to recover the value of the property seized. The jury assessed such value at $13,803.28, for which sum judgment for the plaintiff was entered. The defendant appeals from the judgment.

For the appellant there was a brief by *Fish & Dodge*, and oral argument by *Mr. Fish*. They argued, among other things, that it is the settled law in this state that parol evidence is inadmissible to vary, contradict, or explain a written instrument. And where an instrument is so drawn as to evidence a given intent, parol evidence is not admissible to show a different intent. *Heath v. Van Cott*, 9 Wis., 522; *Callanan v. Judd*, 23 id., 351; *Blakeslee v. Rossman*, 43 id., 116; *Pierson v. Manning*, 2 Mich., 445, 454; *Inloes v. Am. Ex. Bank*, 11 Md., 173; *Rosenberg v. Moore*, id., 376,

380; *Johnson v. Thweatt,* 18 Ala., 744. At the time this assignment was made the firm might prefer any of *its legal obligations.* It might not prefer any contract upon which one member of the firm was *alone liable,* although that member of the firm might have furnished all the capital employed in the business and incurred the very liabilities preferred for goods bought for the firm. Partners cannot adjust *their* equities in an assignment; their individual claims against the firm, or liabilities incurred in its behalf, must be adjusted by them before the assignment, or after creditors have been paid. It might be that one partner who had given a note which was discounted for the benefit of the firm, after its payment would still be largely indebted to the firm in an adjustment between the partners; and there is nothing in this case to show that H. Kirke Adams will be the creditor of the firm after these notes should be paid by him. The prior right of creditors of the firm cannot be impaired by any consideration having reference to the interest of the individual partners. No one can be held on these notes but H. Kirke Adams and H. D. Adams. The fact that the firm had the money obtained by the discount of the notes did not make the firm liable on the notes, if such fact had legally appeared. 15 East, 6; 5 Watts, 454; *Farmers' Bank v. Bayless,* 35 Mo., 428; *S. C.,* 41 id., 286; *Bevan v. Lewis,* 1 Sim., 377; *Ketchum v. Durkee,* 1 Hoff. Ch., 542; Parsons on Part., 125–6, 213, 414; *Coster v. Clarke,* 3 Edw. Ch., 429, 438. The assignment is in trust for the use of the person making it. It applies firm property to the payment of the debts of an individual partner. It is therefore in violation of sec. 2306, R. S. It places firm property beyond the reach of firm creditors and in trust for a purpose other than the payment of their claims, and being made with that express intent is void under sec. 2320, R. S. *Wilson v. Robertson,* 21 N. Y., 591; *Pierson v. Manning,* 2 Mich., 448; *Schiele v. Healy,* 61

How. Pr., 73; *Jackson v. Cornell,* 1 Sandf. Ch., 348; Burrill on Assignments, secs. 113, 114, 210, 211. The trust for the payment of the claim against H. Kirke Adams being void, the whole assignment is void. *Goodrich v. Downs,* 6 Hill, 438; *Curtis v. Leavitt,* 15 N. Y., 115; *Collomb v. Caldwell,* 16 id., 484; *Barney v. Griffin,* 2 id., 365; *Leitch v. Hollister,* 4 id., 214.

For the respondent there was a brief by *Hand & Flett,* attorneys, and *Jenkins, Winkler & Smith,* of counsel, and the cause was argued orally by *Mr. Jenkins* and *Mr. Flett.* They contended, *inter alia,* that if the preference is bad, it only is avoided, and the assignment is otherwise good. *Nicholson v. Leavitt,* 4 Sandf., 252; *Kemp v. Carnley,* 3 Duer, 1; *M'Cullough v. Sommerville,* 8 Leigh, 415; *Anderson v. Hooks,* 9 Ala., 704; *Green v. Branch Bank,* 33 id., 643; *Billups v. Sears,* 5 Grat., 31; *Gordon v. Cannon,* 18 id., 387; *Nye v. Van Husan,* 6 Mich., 329; *Lasell v. Tucker,* 5 Sneed, 33; *Woodward v. Marshall,* 22 Pick., 468; *Mackintosh v. Corner,* 33 Md., 598; *Nightingale v. Harris,* 6 R. I., 321. It was competent for the plaintiff to show that the debt, though *evidenced* by the individual note of one partner, was in fact the indebtedness of the firm, which it ought to pay, and so to sustain the preference of it. Bump on Fraud. Conv., 230, 390; *Hurlbert v. Dean,* 2 Keyes, 97; *Turner v. Jaycox,* 40 N. Y., 470; *Marks v. Hill,* 15 Grat., 400; *Barcroft v. Snodgrass,* 1 Cold., 430; *Hœflinger v. Wells,* 47 Wis., 628; *Haben v. Harshaw,* 49 id., 379; *Smith v. Collins,* 115 Mass., 388; *Southern Mut. Ins. Co. v. Trear,* 29 Grat., 255; *Lyman v. Babcock,* 40 Wis., 511, 512. 1 Greenl. on Ev., sec. 286. The plaintiff was a stranger to the instrument, and the rule excluding parol evidence does not apply. *Lee v. Adsit,* 37 N. Y., 95; *Coleman v. First Nat. Bank,* 53 id., 393; *McMaster v. Pres., etc., Ins. Co.,* 55 id., 234; *Pierson v. Atlantic Nat. Bank,* 77 id., 304; *Lowell Manuf'g Co. v. Safeguard F. Ins. Co.,* 88 id., 599. It by no means follows

that because a debt of a firm is evidenced by the note of one partner it is not a firm obligation. *Assignment of Stewart*, 62 Iowa, 614; *Church v. Sparrow*, 5 Wend., 223; *Etheridge v. Binney*, 9 Pick., 274; *Bank of Silver Creek v. Talcott*, 22 Barb., 551.

The following opinions were filed May 15, 1884:

LYON, J. In the case of *Vernon v. Upson, ante*, p. 418, we hold that a voluntary assignment by an insolvent firm for the benefit of its creditors, which assignment contains preferences in favor of creditors of the individual partners, is void as against the unpreferred creditors of the firm who repudiate the assignment. To the same effect is the recent case of *Powers v. C. H. Hamilton Paper Co., ante*, p. 23. The reasons upon which such ruling is based are sufficiently stated in the opinion in *Vernon v. Upson*, and need not be repeated here.

The assignment of Brearly & Adams in the present case prefers the Manufacturers' National Bank in respect to an indebtedness of $1,000, evidenced by two promissory notes, amounting to that sum, made by H. Kirke Adams (who was a member of the assigning firm), and indorsed by H. D. Adams, of Beloit. Looking at the terms of the assignment alone, this is clearly a preference in favor of the bank of the indebtedness to it of H. K. and H. D. Adams, evidenced by their notes. Indeed, the emphatic language of the assignment is that the assigning firm intended thereby " to prefer said promissory notes due or owing said bank *by said* H. Kirke Adams, upon which said H. D. Adams is indorser, *and none other*." The instrument of assignment contains no statement or intimation that the firm of Brearly & Adams were parties to the notes, or had assumed or become liable to pay them, or that it ever had any interest in the proceeds thereof, or anything whatever to do with them. Hence it shows on its face a preference in favor of a creditor of one

member of the assigning firm, and another person not a member thereof, for the payment out of the proceeds of the firm property of their individual debt to [the bank, before the unpreferred creditors of the firm (including the attaching creditors) would be entitled to any portion of such proceeds. This brings the assignment within the rule of *Vernon v. Upson, supra,* and renders it invalid *(prima facie* at least) as against the attaching creditors of the firm, represented by the sheriff.

The circuit court admitted evidence, extrinsic the instrument, of the relations of the firm to the notes in question. Stated as strongly for the plaintiff as the evidence will permit, the facts are briefly these: The firm of Brearly & Adams sought to obtain a loan of $1,000 from the Manufacturers' Bank, on the indorsement of H. D. Adams, of Beloit. The bank agreed to make the loan on that security. Thereupon H. K. Adams, with the consent of his partner, Brearyl, drew the notes in question, payable to H. D. Adams, and signed his individual name thereto. He then sent them to the payee, who indorsed and returned them to the maker. H. D. Adams was an accommodation indorser. The notes were thereupon taken up on the books of the firm, and entered therein as " bills payable." The firm took them to the bank for discount, and the same were discounted, and the proceeds placed to the credit of the firm on the books of the bank,— the firm being indebted to the bank. The firm name was never put to the notes in any form.

The whole transaction amounts to this: H. K. Adams made his notes to H. D. Adams. The latter indorsed them for the accommodation of the maker, who then transferred them to his firm. The firm sold the notes to the bank without indorsement or guaranty, and received the proceeds. It is very clear that neither the bank nor the indorser ever had any claim against the firm of Brearly & Adams on these

notes, for the reason that such firm never became a party to the notes, and never agreed with either the bank or indorser to pay them. When the bank discounted or purchased the notes it did not require the firm indorsement or guaranty; and it does not appear that the indorser knew what disposition was to be made of them when he made the indorsement. We are aware of no rule of law which, under the facts of this case, will entitle either the bank or indorser to recover against the firm on these notes, merely because the firm received the proceeds of them.

We think there is no significance in the circumstance that the notes were entered in the books of the firm as " bills payable." Although our knowledge of book-keeping is imperfect, we suppose that account should contain entries of notes, drafts, and the like, to which the proprietor is a party, or has in some effectual manner bound himself to pay. As we have already seen, the firm of Brearly & Adams never placed itself in that attitude in respect to these notes. It seems to us that the entry of them in the books of the firm should have been in " bills receivable " account, and that the corresponding entry therein would be a credit to H. K. Adams for the same amount. This may not be a correct view of what would have been the proper entries in the firm books; but, if it is not, that does not change the essential characteristics of the transaction.

The maker and indorser, not the firm, are the debtors of the bank on the notes, and if the indorser takes them up the maker alone is his debtor. Hence the parol testimony does not remove the fraudulent feature from the assignment. The preference still remains one for the payment of the individual notes of a partner, for the payment of which the firm is not liable to the preferred creditor.

We think the court erred in directing a verdict for the plaintiff. On the contrary, a majority of the court are of

the opinion that a verdict for the defendant should have been directed.

Were there no such conclusive proof of the invalidity of the assignment, we are all of the opinion that there was evidence tending to show the assignment fraudulent in other particulars, sufficient to send the question of fraud to the jury. But the view we have taken of the case renders it unnecessary to discuss this proposition.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.

TAYLOR, J. While I do not dissent from the decision of this court reversing the judgment of the circuit court, I am unable to assent to that part of the opinion of the court which holds that the assignment under which the respondent claims the property in question is void on its face, because, as it is claimed, it gives a preference to a debt due from one of the partners, and not from the firm, or to that part of the opinion which holds that the parol proof offered on the trial does not show that the debt preferred by the assignment was a debt due from the firm. I think the parol evidence clearly shows that the firm, as between the partners, owed the debt which was preferred to the bank, and if so, then as to the other creditors of the firm it is immaterial whether the bank could enforce the collection of the debt in an action at law against the firm or not. This court, in the case of *First Nat. Bank v. Bertschy*, 52 Wis., 438, held, after mature consideration, that it was not a fraud against the other creditors that the debtor gave a mortgage to secure the payment of money which the mortgagor had promised to pay to the mortgagee, when the invalidity of the promise arises merely from the fact that it is not in such form or evidenced in such manner as the law requires, to enable the mortgagee to enforce it in an action at law. It seems to me very clear that the evidence in this case shows that the debt

due to the bank, and which was preferred by the assignment, was a debt which, as between the partners, was a firm debt, one which equitably and morally the firm ought to pay, and it was not a fraud, therefore,.to prefer such debt as against the other firm creditors.

A motion for a rehearing was denied September 23, 1884.